UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00090-KDB-DSC

| | |
|---|---|
| KAREN ADELLE KEATON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| ) | |
| IREDELL COUNTY EMERGENCY ) | |
| MEDICAL SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint. [Doc. 6]. Plaintiff is proceeding in forma pauperis. [Docs. 4, 5].

**I.    BACKGROUND**

Plaintiff Karen Adelle Keaton ("Plaintiff") filed this action pursuant to 42 U.S.C. § 1983 on July 7, 2022, naming ten Defendants ranging from the Iredell County Clerk of Court to the "Iredell Statesville Schools" to the City of Statesville Storm Water Division and one individual Defendant. [Doc. 1]. On initial review of Plaintiff's Complaint, the Court found that "not only [had] Plaintiff failed to state a claim for relief against Defendants, but that her Complaint [was] founded on fantastical and delusional scenarios." [Doc. 5 at 3]. The Court allowed Plaintiff 21 days to amend her complaint to properly state a claim for relief. [Id.].

Plaintiff timely filed an Amended Complaint pursuant to 42 U.S.C. § 1983, which is now before the Court on initial review. [Doc. 6]. Plaintiff names the Iredell County Emergency Medical Service and the Iredell County Public Library as Defendants. [Id. at 1-3]. She seeks relief under "The Protection from Harassment Act 1997" and 18 U.S.C. § 2333. [Id. at 3]. Plaintiff

makes allegations comparable to those in her original Complaint. She complains that her Facebook account has been infiltrated by people of "ARAB descent" and "they have locked up [her] social media with more than 8 of [her] former emails & passwords." [Id. at 4]. She alleges that individuals used the "MLK Holiday as a tool" to alienate the African American community against her during her 2017 bid for the mayor's office. [Id.]. She complains that the City of Statesville has outwardly refused to help her or investigate entities that have continuously harassed and cyberstalked her by using her identity online. She further claims that the City of Statesville, in collaboration with Spectrum open-source software and Linus open-source software, has been aware of and even participated in this harassment. She alleges that it was "an on-going joke" that Plaintiff was "in a state of augmentation which would stop [her] from participation in the 'real world,' through what the gamers call Minecraft." [Id.]. Plaintiff makes no direct allegations against either Defendant, only that "the library computer is public domain, but are not supposed to change any individual's password." [Id. at 5].

For injuries, Plaintiff claims she was "blackballed from being able to attain & secure employ[ment]," lost all her hair from anxiety, was homeless for over a month, and was defamed on social media. [Id.].

For relief, Plaintiff asks the Court "to hold the proper authorities liable for refusing to protect & serve." She seeks $33 million in damages. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or

2

delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in her complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Accepting the Plaintiff's allegations as true and making all reasonable inferences in her favor, the Court finds that Plaintiff has again failed to state a claim for relief against Defendants and that at least some of her allegations are based on fantastical and delusional scenarios. Moreover, Plaintiff has not identified any legal claims in her Complaint. She references the Protection from Harassment Act 1977, which is an Act of the Parliament of the United Kingdom and plainly does not apply. She also purports to invoke 18 U.S.C. § 2333, which protects United States nationals injured by acts of international terrorism. It also plainly does not apply. Finally, Plaintiff makes no allegations against the two named Defendants in her Amended Complaint. Rather, she only vaguely claims that she wants the Court to hold "the proper authorities" responsible for refusing to protect her. Thus, Plaintiff has again failed to state a claim upon which relief may be granted. The Court will dismiss this action with prejudice because Plaintiff has already been allowed to amend her complaint once and has again failed to state a claim for relief. See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

For the reasons stated herein, the Court's will dismiss this action with prejudice.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 6] is **DISMISSED WITH PREJUDICE**.

The Clerk is respectfully instructed to terminate this action.

Signed: August 22, 2022

Kenneth D. Bell
United States District Judge